Lizenkon Estate.

Argued September 24, 1973. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*James Francis Lawler,* with him *Cyril D. Brain, Isidor Ostroff,* and *Ostroff & Lawler,* for appellants.

*Jay C. Waldman,* Assistant United States Attorney, with him *Richard L. Thornburgh,* United States Attorney, for appellee.

OPINION PER CURIAM, March 25, 1974:
Decree affirmed. Each party to bear own costs.

———

DISSENTING OPINION BY MR. JUSTICE MANDERINO:
In this case, the Register of Wills of Allegheny County granted letters of administration to James Francis Lawler, Esquire, who was the nominee of Matrena Fedorovna Lizunova, who is a resident and citizen of Russia, and the sister of the decedent. The trial court vacated the decree of the Register of Wills and authorized the Register to entertain a petition for the appointment of a neutral qualified resident of Allegheny County as the administrator of the estate. The evidence in the record sustains the Register's grant of let-

ters to James Francis Lawler. The appellee's documents establish that the decedent had such a sister living in Russia. There was evidence that the sister in Russia appeared before an American consul and established her identity with proper Russian identification documents. The consul certified to these matters. That is all we would require as to documentation from a sister state, and that is all we should require as documentation from a Russian citizen. We cannot expect that a citizen anywhere be personally known to the proper public official. There are approximately twelve million people in Pennsylvania. Millions of these are probably not personally known to any public official. If they can establish their identity, however, the public official can properly acknowledge their affidavits. We should not discriminate in this case against a citizen of Russia when the record is more than sufficient and contains more proper documentation than we would require from a citizen in one of our sister states.